UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CRISTIAN JONNATHAN MORA ALVAREZ<br><br>*Petitioner,*<br><br>– against –<br><br>TODD BLANCHE, Acting Attorney General of the United States; JOHN TSOUKARIS, Newark Field Office Director, Enforcement and Removal Operations, U.S. immigration and Customs Enforcement; DAVID J. VENTURELLA, Acting Director, U.S. Immigration and Customs Enforcement; MARKWAYNE MULLIN, Secretary of the U.S. Department of Homeland Security; and LUIS SOTO, Warden/Director, Delaney Hall Detention Facility,<br><br>*Respondents.* | **MEMORANDUM & ORDER**<br>26-cv-04794 (NCM) |

**NATASHA C. MERLE**, United States District Judge:

In July 2026, U.S. Immigration and Customs Enforcement ("ICE") agents arrested and detained petitioner Cristian Jonnathan Mora Alvarez.[1] Petitioner was detained at Delaney Hall Detention Facility in Newark, New Jersey and prior to the filing of the instant Petition for Writ of Habeas Corpus, petitioner was transferred to the Metropolitan Detention Center ("MDC") in Brooklyn, New York where he is currently being detained by respondents. Consent Mot. to Transfer Venue ¶¶ 2–3, ECF No. 5. On August 6, 2026, the matter was transferred to the Eastern District of New York and assigned to the

---

[1] While petitioner alleges he was arrested on July 23, 2026, Petition for Writ of Habeas Corpus ("Petition") ¶ 33, ECF No. 1, respondents alleges that petitioner was arrested on July 16, 2026, Government's August 9, 2026 Letter ("Gov't Letter") at 1, ECF No. 10.

undersigned. Petitioner moves the Court for a writ of habeas corpus under 28 U.S.C. § 2241. Petition for a Writ of Habeas Corpus ("Petition") 13, ECF No. 1.[2] For the reasons discussed below, the Petition is **GRANTED**.

## BACKGROUND

Petitioner is a native of Ecuador. Pet. ¶ 1. He arrived in the United States on or about January 26, 2011, as an unaccompanied minor at the age of fifteen. Pet. ¶ 3. Petitioner was encountered at the border by Customs and Border Protection ("CBP"). Gov't Letter 1. On February 5, 2011, petitioner was charged with being inadmissible pursuant to 8 U.S.C. § 1182(a)(6)(A)(i). Gov't Letter 1. In March 2011, the Office of Refugee Resettlement released petitioner from federal custody to a sponsor under written conditions requiring his appearance at immigration proceedings and compliance with reporting requirements. Pet. ¶ 4. Petitioner remained at liberty while his removal proceedings continued. Pet. ¶ 4. On May 12, 2016, petitioner's removal proceedings were administratively closed through prosecutorial discretion. Pet. ¶ 5. In 2025, the U.S. Department of Homeland Security moved to re-calendar his removal proceedings. Pet. ¶ 5. Petitioner's master calendar hearing is scheduled for July 21, 2027. Pet. ¶ 5; Gov't Letter 1. In January 2026, petitioner's former immigration attorney filed a notice of entry of appearance with the Executive Office for Immigration Review ("EOIR"). Pet. ¶ 33.

Petitioner is a resident of Port Chester, New York where he lives with his father, wife, and six-year-old U.S. citizen child. Pet. ¶ 6. Petitioner's wife is currently pregnant with the couple's second child and is medically vulnerable. Pet. ¶¶ 7, 39. Petitioner has twice been arrested for driving while intoxicated. Pet. ¶ 8. The first arrest arose when

---

[2] Throughout this Order, page numbers for docket filings refer to the page numbers assigned in ECF filing headers.

petitioner was seventeen years old, and resulted in Youthful Offender adjudication and automatically sealed. Pet. ¶ 8. The second arrest took place on June 16, 2026. Pet. ¶ 8. It was recorded as petitioner's first offense and resulted in a three-year probation term. Pet. ¶ 8. On July 23, 2026, petitioner appeared as directed for an appointment at the Putnam County Probation Department, where he was arrested by ICE officers. Pet. ¶ 9. Petitioner was subsequently taken to Delaney Hall Detention Center, in Newark, New Jersey, and on July 27, 2026, petitioner was transferred to MDC Brooklyn. Consent Mot. to Transfer Venue ¶ 2.

Petitioner commenced the instant action on July 27, 2026, by filing a petition for a writ of habeas corpus, arguing, *inter alia*, that his detention is governed by Section 1226(a), not Section 1225(b)(2)(A), and is unlawful. *See* Pet. ¶¶ 80–84, 126. The matter was transferred to the Eastern District of New York and assigned to the undersigned on August 6, 2026. *See* Transfer Order, ECF No. 6. That same day, the Court issued an order directing respondents to submit a letter stating: (1) the statutory provision(s) under which respondents assert the authority to detain petitioner; and (2) whether the Second Circuit's decision in *Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026) controls, or whether otherwise there is any material basis to distinguish the instant case from this Court's prior decisions in *Y- C- v. Genalo*, No. 25-cv-06558, 2025 WL 3653496 (E.D.N.Y. Dec. 17, 2025), *Crespo Tacuri v. Genalo*, No. 25-cv-06896, 2026 WL 35569 (E.D.N.Y. Jan. 6, 2026), *Terrero v. Tsoukaris*, No. 26-cv-00869, 2026 WL 607917 (E.D.N.Y. Mar. 4, 2026), *Meza v. Francis*, No. 26-cv-02722, 2026 WL 1734903 (E.D.N.Y. June 16, 2026), *R.S.J.R v. Mullin*, No. 26-cv-03611, 2026 WL 1803649 (E.D.N.Y. June 23, 2026), *Menjivar v. Genalo*, No. 26-cv-2506, ECF No. 16 (E.D.N.Y. June 12, 2026), *R.M.R. v. Genalo*, No. 26-

3

cv-04358, 2026 WL 2211009 (E.D.N.Y. July 31, 2026), or any other decision of this Court. Scheduling Order 2–3, ECF No. 8.

On August 9, 2026, the government filed a letter, stating that petitioner is subject to detention under 8 U.S.C. § 1225(b)(2)(a) because petitioner was apprehended shortly after crossing the border and was released on humanitarian parole under 8 U.S.C. § 1182(d)(5)(A), and that *da Cunha* does not "squarely govern." Gov't Letter 2. Because respondents have no documentary evidence to show petitioner was released on humanitarian parole, respondents concede that *da Cunha* "likely counsels treating Petitioner as subject to 8 U.S.C. § 1226(a)." Gov't Letter 2. Further, respondents concede that petitioner's "case is not materially distinguishable from the Court's decision in *R.M.R.*, which concerns an individual who[,] . . . like Petitioner here, was arrested . . . near the border and was thereafter released from custody." Gov't Letter 2. Respondents further concede that *"R.M.R.* would dictate the same outcome in this case." Gov't Letter 2. Respondents accordingly submit that "the Court can decide this matter without further briefing." Gov't Letter 3.

Although petitioner has not yet filed a reply, "[t]he Court issues the instant Order before [p]etitioner's deadline to file a reply in light of its obligation to determine the facts, and dispose of habeas petitions expeditiously, as law and justice require." *Ccorihuaman v. Genalo*, No. 26-cv-00554, 2026 WL 328983, at *1 (E.D.N.Y. Feb. 6, 2026) (quoting 28 U.S.C. § 2243).[3]

---

[3]     Throughout this Order, the Court omits all internal quotation marks, footnotes, and citations, and adopts all alterations, unless otherwise indicated.

**LEGAL STANDARD**

Section 2241 authorizes federal district courts "to grant a writ of habeas corpus whenever a petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Wang v. Ashcroft*, 320 F.3d 130, 140 (2d Cir. 2003) (quoting 28 U.S.C. § 2241(c)(3)). Under Section 2241, "[f]ederal courts have jurisdiction to hear habeas corpus claims by noncitizens challenging the constitutionality of their detention." *Rodriguez-Acurio v. Almodovar*, 811 F. Supp. 3d 274, 290 (E.D.N.Y. Nov. 28, 2025) (citing *Velasco Lopez v. Decker*, 978 F.3d 842, 850 (2d Cir. 2020)).

**DISCUSSION**

Petitioner contends, among other arguments, that he is being detained in violation of the Immigration and Nationality Act ("INA"). Pet. ¶¶ 80–84, 123–26.[4] Respondents concede that this Court's "reasoning in *R.M.R.* would dictate the same outcome in this case[,]" *i.e.*, that the petition be granted, even though "Petitioner here, [like the petitioner in *R.M.R.*,] was arrested . . . near the border and was thereafter released from custody." Gov't Letter 2.

Accordingly, for the reasons stated by this Court in *R.M.R*, which the Court incorporates here by reference, the Court concludes that petitioner is being unlawfully detained pursuant to 8 U.S.C. § 1226(a).[5]

---

[4]     The Court does not reach any other claim raised by petitioner. *See, e.g.*, Pet. ¶¶ 119–22, 127–50.

[5]     For the avoidance of doubt, the Court does not address any legal or factual argument that respondents do not raise here or did not raise in their briefing in *R.M.R. See Catania v. United Fed'n of Tchrs.*, No. 21-cv-01257, 2023 WL 1962533, at *3 (S.D.N.Y. Feb. 13, 2023) ("Courts generally do not decide issues not raised by the parties." (quoting *Cone v. Bell*, 556 U.S. 449, 482 (2009) (Alito, J., concurring))); *see also Russell v. Bd. of Plumbing Exam'rs*, 1 F. App'x 38, 41 (2d Cir. 2001) (summary order) ("We are, however,

5

Moreover, as this Court discussed in *R.M.R.*, respondents' argument that *da Cunha* does not "squarely govern," Gov't Letter 1, ignores the reality that petitioner here is not "requesting lawful entry into the United States—he is, in fact, already in the country, and has been for [nearly fifteen] years[.]" *R.M.R.*, 2026 WL 2211009, at *3. Like the noncitizen in *da Cunha*, and the Court's prior opinions in *R.M.R.* and others, petitioner here has built a life with his father, wife, and child. In other words, "[h]e is . . . no longer seeking admission; he is here." *Robles Escalona v. Warden, MDC Brooklyn*, No. 26-cv-03920, 2026 WL 2018505, at *3 (E.D.N.Y. July 13, 2026). Thus, Section 1225(b)(2)(A) cannot apply to him. *da Cunha*, 175 F.4th at 74.

"Habeas is at its core a remedy for unlawful executive detention" and "[t]he typical remedy for such detention is, of course, release." *Munaf v. Green*, 553 U.S. 674, 693 (2008). The Court therefore deems petitioner is entitled to immediate release.

## CONCLUSION

For the foregoing reasons, the Court holds that petitioner's detention violates the INA. The petition for a writ of habeas corpus is therefore **GRANTED**.

Respondents are directed to release petitioner from custody within 24 hours of this Order and file a letter by August 11, 2026 certifying their compliance. The Court further orders that petitioner shall not be re-detained without notice and an opportunity to be heard at a pre-deprivation bond hearing before a neutral decisionmaker, where the government will have the burden of showing that his detention is authorized under 8 U.S.C. § 1226(a). For the avoidance of doubt, the Court concludes that petitioner "is entitled to release from the unlawful restrictions on his liberty—which means, in the

troubled by the district court reaching an issue neither pressed nor briefed before it, and urge against such a practice in the future.").

circumstances here, restoration of . . . the status quo ante." *Khabazha v. ICE*, No. 25-cv-05279, 2025 WL 3281514, at \*8–9 (S.D.N.Y. Nov. 25, 2025) (ordering government to release petitioner from "restrictions on his liberty imposed as a result of his unlawful [detention] . . . including the ankle monitor and reporting requirements"); *see also Ccorihuaman*, 2026 WL 328983, at \*2. This Order includes "an injunction barring deprivation of [petitioner's] rights without the requisite procedural protections." *Khabazha*, 2025 WL 3281514, at \*8; *see also Ccorihuaman*, 2026 WL 328983, at \*2.

Respondents' August 12, 2026, deadline to file a full response, petitioner's August 14, 2026, deadline to file a reply, and the hearing scheduled for August 20, 2026, are hereby adjourned *sine die*.

Should the petitioner seek an award of reasonable fees and costs under the Equal Access to Justice Act, he may file a letter application on the docket within thirty days of this Order. The Clerk of Court is respectfully directed to enter judgment consistent with the Order and close the case.

**SO ORDERED.**

 */s/ Natasha C. Merle*
NATASHA C. MERLE
United States District Judge


Dated:　　　August 10, 2026
　　　　　　Brooklyn, New York